# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2008

Charles R. Fulbruge III
Clerk

No. 07-20854
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JAMES D. ODEMS

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:00-CR-512-1

Before KING, GARWOOD and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

James D. Odems (Odems) appeals the 24-month sentence imposed November 2007 following the revocation of his supervised release. Odems was originally convicted for being a felon in possession of a firearm and was sentenced to a term of imprisonment of 51 months, to be followed by a three-year term of supervised release. The district court determined that Odems violated the terms of his supervised release by committing a law violation, delivery of a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

controlled substance, and by being found in possession of a controlled substance, cocaine.

A sentence may be overturned if it is either procedurally or substantively unreasonable. Gall v. United States, 128 S.Ct. 586, 597 (2007). Odems argues that the sentence imposed is both procedurally and substantively unreasonable. He bases this argument on his contention that the district court did not give consideration to his age and medical infirmities and imposed a sentence greater than necessary to meet the objectives of 18 U.S.C. § 3553(a).

When sentencing a defendant after the revocation of supervised release, the district court may impose any sentence that falls within the appropriate statutory maximum term of imprisonment allowed for the revocation sentence. 18 U.S.C. § 3583(e)(3). In choosing a sentence, the district court is directed to consider the factors enumerated in § 3553(a), including the nonbinding policy statements found in Chapter Seven of the Sentencing Guidelines. United States v. Mathena, 23 F.3d 87, 90-93 (5th Cir. 1994).

Prior to United States v. Booker, 125 S.Ct. 738 (2005), this court would uphold a sentence imposed after revocation of supervised release unless it violated the law or was plainly unreasonable. United States v. McKinney, 520 F.3d 425, 428 (5th Cir. 2008). In Booker, however, the Supreme Court directed appellate courts to review sentences for reasonableness. 125 S.Ct. at 765. In the past, this court has declined to decide the appropriate standard of review after Booker for a sentence imposed upon revocation of supervised release, and we find it unnecessary to do so now. McKinney, 520 F.3d at 428. Instead, we review the sentence under both the "plainly unreasonable" and the "unreasonable" standards. See id.

The record reflects that Odems's sentence is neither unreasonable nor plainly unreasonable. Odems's underlying offense of being a felon in possession of a firearm is a Class C felony because it carries a penalty of up to ten years of imprisonment. 18 U.S.C. §§ 922(g), 924(a)(2), 3559(a)(3). Therefore, the

maximum statutory sentence that could be imposed for the violation of his supervised release is 24 months. Id. § 3583(e)(3). This is also the maximum penalty that could be imposed under the guidelines policy statement. See U.S.S.G. § 7B1.4(b)(1), p.s.[1]

The district court expressly considered Odems's medical records and his counsel's arguments concerning his medical condition. The court inquired about the method of payment for his treatment and recommended to the Bureau of Prisons that Odems be assigned to a facility where medical treatment is available. The district court also stated that in imposing sentence it had considered the specific sentencing objectives of § 3553(a), including punishment, incapacitation, and deterrence. This was sufficient. See Rita v. United States, 127 S.Ct. 2456, 2469 (2007) ("The judge was fully aware of defendant's various physical ailments . . ." and "the record makes clear that the sentencing judge considered the evidence and arguments . . .").

The record reflects that the district court gave proper consideration to the arguments of the parties, the guidelines policy statements, and the § 3553(a) factors. The district court provided adequate reasons for the sentence imposed, and the sentence did not exceed the statutory maximum sentence. Odems has not shown that the sentence imposed following the revocation of his supervised release is procedurally or substantively unreasonable or is plainly unreasonable. See McKinney, 520 F.3d at 428.

The district court's judgment is

AFFIRMED.

---

[1]The Chapter 7 policy statement indicated a range of 30 to 37 months, § 7B1.4(a); but, as the trial court recognized, under § 7B1.4(b)(1), where the statutorily authorized maximum term imposable – here 24 months (18 U.S.C. § 3583(e)(3)) – is less than the minimum of the otherwise applicable range – here 30 months – "the statutorily authorized maximum term shall be substituted for the range."